IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| OTHMAN SHARRIEFF a/k/a SHARRIEFF OTHMAN, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| vs. | | No. 11-2340-STA-tmp |
| HUNTINGTON BANK, et al., | | |
| Defendants. | | |

ORDER OF DISMISSAL
AND
ORDER DIRECTING CLERK TO DELAY ENTRY OF JUDGMENT
FOR 30 DAYS

On April 25, 2011, Plaintiff Othman Sharrieff a/k/a Sharrieff Othman, a resident of Memphis, Tennessee, commenced a pro se civil action and sought leave to proceed in forma pauperis. (ECF Nos. 1 & 3.)[1] On May 4, 2011, the Court denied leave to proceed in forma pauperis and directed Plaintiff to pay the civil filing fee within thirty (30) days. (ECF No. 4.) Plaintiff paid the filing fee on June 2, 2011. (ECF No. 6.)[2] The Clerk shall record the

---

[1] The Clerk is directed to correct the docket to reflect Plaintiff's alias, which is reflected in the records of the Shelby County Assessor of Property. The Assessor's records reflect that Plaintiff's address is 8241 Dow Circle W, Strongville, OH 44136. Plaintiff previously filed two bankruptcy petitions in the Northern District of Ohio under the name Othman Sharrieff, In re Sharrieff, Nos. 05-17711-rb, 05-96934-rb (Bankr. N.D. Ohio).

[2] Due to an error by the Clerk, the payment was not docketed. Believing that the fee had not been paid, the Court dismissed the case on June 9, 2011. (ECF No. 5.) That order was vacated on June 14, 2011. (ECF No. 7.)

defendants as Huntington Bank ("Huntington"), Christopher Conner, and Donald A. Mausar. Defendants Conner and Mausar are attorneys.

Plaintiff has not filed a complaint, as required by Federal Rules of Civil Procedure 3, 7(a)(1), and 8(a), but has, instead, submitted a document, entitled Affidavit of Negative Averment, Opportunity to Cure, and Counterclaim. (ECF No. 1.) That document contains few coherent factual allegations. At one time, Defendant Huntington held a mortgage on Plaintiff's real property. Plaintiff avers that Huntington "has sold the original note and failed to give credit to [Plaintiff's] account." (Id. at 1.) He contends that the "note was created on my credit, and signature, and was not an asset of" Defendants. (Id. at 1-2.) There is no allegation that Huntington has foreclosed on Plaintiff's real property.

The remainder of Plaintiff's filing is unintelligible. The case caption describes Plaintiff as a Third Party Plaintiff in Admiralty, yet this is not an admiralty case.[3] The filing contends that Defendants do not have the original note, and it refers to "Dishonor in commerce, Theft, Fraud, Conspiracy, and Racketeering

---

[3] Admiralty jurisdiction over a contract dispute such as the instant case requires that "the transaction relate[] to ships and vessels, masters and mariners, as the agents of commerce." Horizon Ins. Co. v. Kinsman Marine Transit Co., 256 F. Supp. 9, 12 (N.D. Ohio 1965) (internal quotation marks & citation omitted). Moreover, "even in cases where jurisdiction is invoked via a contract which is traditionally 'maritime' in nature, the issue must still retain some connection to navigable waters or maritime commerce." In re Fields, 967 F. Supp. 969, 974 (M.D. Tenn. 1997); see also New Hampshire Ins. Co. v. Home Sav. & Loan Co. of Youngstown, Ohio, 581 F.3d 420 (6th Cir. 2009) (liability insurance policy covering yacht dealership and marina fell outside the scope of federal maritime jurisdiction). The mortgage on Plaintiff's real estate that is at issue in this suit is not maritime in nature and, therefore, there is no admiralty jurisdiction.

and Trespassing authorized by US Code Title 18." (Id. at 2.) The filing avers that Plaintiff tendered a lawful payment to Huntington to settle his debt and that, by accepting the payment, Defendants have "chosen to dishonor [Plaintiff's] lawful payment and [have] refused to zero the account." (Id.) Plaintiff further avers that "Lawful Money no longer is available for payment of debt in our economic system." (Id.)

The filing also refers, without explanation, to "Public Hazard Bonds, other Bonds, Insurance Policies, 801K, CAFR Funds, etc." (Id.) The filing also purports to assert a counterclaim in the amount of $1 million for violation of 18 U.S.C. §§ 241 and 242. (Id. at 3.) The filing seeks damages for Dishonor in Commerce, Fraud, Racketeering, Theft of Public Funds, and it also purports to seek liquidated damages in the event Defendants do not fully respond to the filing or pay the counterclaim in full within thirty (30) days. (Id. at 4.)

"[A] district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); see also Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999). In Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983), the Sixth Circuit held that, when "faced with a complaint that it believes may be subject to dismissal[,]" a district court must:

> (1) allow service of the complaint upon the defendant;
> (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either

3

>     amend his complaint or respond to the reasons stated by
>     the district court in its notice of intended sua sponte
>     dismissal; (4) give the defendant a chance to respond or
>     file an answer or motions; and (5) if the claim is
>     dismissed, state its reasons for the dismissal.

Id. at 1112.[4] An exception to this general rule permits a district court to dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple, 183 F.3d at 479 (citing Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). The Sixth Circuit cautioned, however, that "most complaints will not be so clearly insufficient as to warrant dismissal under Rule 12(b)(1), but instead should be handled under Rule 12(b)(6) of the Federal Rules of Civil Procedure," id. at 480, and that "dismissal under Rule 12(b)(1) . . . is appropriate only in the rarest of circumstances where . . . the complaint is deemed totally implausible," id.; see also Wagenknecht v. United States, 533 F.3d 412, 417-18 (6th Cir. 2008) (claims that appear to be factually or legally meritless ordinarily are not sufficiently implausible to warrant dismissal under Rule 12(b)(1)).

In this case, Plaintiff's filing does not allege the source of the Court's subject-matter jurisdiction other than its references to admiralty. (See ECF No. 1 at 1.) Under 28 U.S.C. §

---

[4] After the enactment of 28 U.S.C. § 1915(e)(2), the Tingler procedures are no longer applicable to cases in which the plaintiff has been granted leave to proceed in forma pauperis. See, e.g., In re Prison Litig. Reform Act, 105 F.3d 1131, 1138 (6th Cir. 1997) (administrative order). Tingler still applies to paid complaints. Wagenknecht v. United States, 533 F.3d 412, 417 n.4 (6th Cir. 2008).

1333(1), federal courts have exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." For the reasons previously stated, see supra p. 2 n.3, the Court does not have admiralty jurisdiction over the matter.

Because the filing appears to refer to several federal statutes, including 18 U.S.C. §§ 241 and 242 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S. C. §§ 1961 et seq., the Court will assume, for purposes of this order, that Plaintiff intends to invoke federal subject-matter jurisdiction under 28 U.S.C. § 1331, which grants federal courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[5]

---

[5] There does not appear to be diversity jurisdiction over this action. Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 613, 163 L. Ed. 2d 415 (2005) (citations omitted). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983), cert. denied, 467 U.S. 1210, 104 S. Ct. 2399, 81 L. Ed. 2d 355 (1984); see also Johnson v. New York, 315 F. App'x 394, 395 (3d Cir. 2009) (per curiam); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (complaint did not properly allege diversity jurisdiction); Leys v. Lowe's Home Centers, Inc., 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009) (complaint and notice of removal did not adequately establish diversity jurisdiction); Ellis v. Kaye-Kibbey, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008) (dismissing complaint for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity exists); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1208 (3d ed. 2004).

The Complaint does not allege the citizenship of the parties. Plaintiff is a resident of either Tennessee or Ohio, see supra p. 1 & n.1, and the Complaint does not allege his citizenship. The Complaint does not allege the citizenship of any defendant. Huntington Bank has no agent for service of process in Tennessee, and the Complaint does not even provide a mailing address. Defendant Conner is an attorney with the firm of Garner & Conner PLLC in Maryville, Tennessee, and Defendant Mausar is an attorney with the firm of Weltman, Weinberg & Reis Co., LPA, in Cleveland, Ohio. The relevant address for
(continued...)

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."); Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010) ("[T]he plaintiff must provide the grounds for its entitlement to relief, and that requires more than

---

[5] (...continued)
an individual is his home address but, if the attorneys live in the cities in which they practice, there would not be diversity jurisdiction.

labels and conclusions, and a formulaic recitation of the elements of a cause of action.") (internal quotation marks omitted). "A plaintiff falls short if [he] pleads facts merely consistent with a defendant's liability or if the alleged facts do not permit the court to infer more than the mere possibility of misconduct." Albrecht, 617 F.3d at 893 (internal quotation marks omitted).

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of

disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), cert. denied, ___ U.S. ___, 132 S. Ct. 461, 181 L. Ed. 2d 300 (2011).

Plaintiff cannot sue Defendants under 18 U.S.C. §§ 241 and 242, which are federal criminal statutes. In general, criminal statutes do not give rise to a private cause of action and cannot be a basis for a private civil action. Walker v. Hastings, Civil No. 09-CV-074-ART, 2009 WL 2914402, at *4 (E.D. Ky. Sept. 4, 2009). There is no private right of action under 18 U.S.C. §§ 241 and 242. Booth v. Henson, 290 F. App'x 919, 920-21 (6th Cir. 2008); United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir. 2003); Moore v. Potter, 47 F. App'x 318, 320 (6th Cir. 2002); Duncan v. Cone, No. 00-5705, 2000 WL 1828089, at *1 (6th Cir. Dec. 7, 2000).

The reference to racketeering in Plaintiff's filing (ECF No. 1 at 2) suggests that he might intend to assert a claim under RICO, 18 U.S.C. §§ 1961 et seq. Plaintiff's filing does not cite the RICO statute. Moreover, Federal Rule of Civil Procedure 9(b) applies to RICO claims. Brown v. Cassens Transp. Co., 546 F.3d 347, 356 n.4 (6th Cir. 2008); Blount Fin. Servs., Inc. v. Walter E. Heller & Co., 819 F.2d 151, 152-53 (6th Cir. 1987). Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "The Plaintiff[] must plead more than a generalized grievance against a collective group of Defendants in order to meet

the requirements of FRCP 9(b)." Masterson v. Meade Cnty. Fiscal Court, 489 F. Supp. 2d 740, 749 (W.D. Ky. 2007) (citing United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 342 F.3d 634, 643 (6th Cir. 2003)). To comply with Rule 9(b), a complaint alleging a fraudulent representation "must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Frank v. Dana Corp., 547 F.3d 564, 570 (6th Cir. 2008) (quoting Gupta v. Terra Nitrogen Corp., 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998)). A plaintiff must, "[a]t a minimum," "allege the time, place and contents of the misrepresentations upon which [he] relied." Id. (citing Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984)). "Generalized and conclusory allegations that the Defendants' conduct was fraudulent do not satisfy Rule 9(b)." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). A plaintiff who asserts a claim based on a failure to disclose must plead all the elements with particularity. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1297, at 72-73, 101 (3d ed. 2004).

      Plaintiff's filing does not satisfy these standards. The basis for Plaintiff's fraud and RICO claims is difficult to discern. The complaint does not identify any false statement made by any Defendant, nor does it allege the other elements of a fraud or RICO claim.

Therefore, Plaintiff's Complaint fails to state a claim on which relief may be granted. Ordinarily, a first dismissal under Rule 12 of the Federal Rules of Civil Procedure is without prejudice to a litigant's right to file an amended pleading. The Court therefore DISMISSES Plaintiff's filing without prejudice pursuant to Rule 12(b)(6).

Although the Court will not direct Plaintiff to file an amended complaint, he will be afforded an opportunity to amend if he chooses to do so. Any amendment must be in the form of a complaint and must comply with Rules 8(a), 9(b), and 10(b) of the Federal Rules of Civil Procedure. Each claim must be set forth in a separate count and must identify the defendants who are sued in that count. The factual basis for each claim must be alleged. The Clerk is directed to delay the entry of judgment for thirty (30) days to permit Plaintiff the opportunity to file an amended complaint.

IT IS SO ORDERED this 7th day of August, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE